UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHA NARANG,<br><br>    Plaintiff,<br><br>    v.<br><br>GERBER LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 18-CV-04500-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 18 |

Plaintiff Richa Narang ("Plaintiff") filed her original complaint in the Superior Court of California on July 2, 2015. ECF No. 1-3. On June 27, 2018, Plaintiff amended her original complaint and added Gerber Life Insurance Company ("Gerber") as a Defendant. *Id.* On July 25, 2018, Gerber removed the action to federal court on the ground that the Plaintiff's claims against Gerber arise under and are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1. The claims against all other Defendants in this action have been severed and remanded. ECF No. 29. Before the Court is Gerber's motion to dismiss the first amended complaint, or in the alternative, motion for summary judgment. ECF No. 18 ("Mot."). Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Gerber's motion to dismiss without prejudice.

1
Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

## I. BACKGROUND

### A. Factual Background

Plaintiff Richa Narang is a California resident and the spouse of decedent Rajiv Narang. FAC ¶ 1. Defendant Gerber is a New York corporation that does business in California as an insurance corporation. *Id.* ¶ 6. On July 4, 2013, Plaintiff's spouse, Rajiv Narang drowned in the swimming pool that was on the property the Narangs were leasing in Santa Clara County. *Id.* ¶¶ 15–21; Opp'n at 1.

Rajiv Narang was insured by his employer eBay, Inc. through Gerber Life Insurance, and Plaintiff Richa Narang is the third-party beneficiary to that Gerber Insurance Policy. FAC ¶ 22; Opp'n at 1–2. As discussed below, Plaintiff sued Gerber to recover $2 million in benefits due to the loss of her husband. FAC ¶ 22.

### B. Procedural History

On July 2, 2015, Plaintiff filed in the Superior Court of California a complaint asserting claims of negligence, premises liability, and failure to disclose against Defendants Bhupesh Patel and Shivaun E. Patel (the property owners of the property with the pool); Realty World Santa Clara Valley (a property management company); and Robert Zuvela (an agent and broker affiliated with Realty World Santa Clara Valley) (collectively, "Tort Defendants"). ECF No. 18-2; *see also* FAC ¶¶ 1–5. This complaint also named Doe Defendants 1 to 100. ECF No. 18-2.

On June 27, 2018,[1] Plaintiff filed her first amended complaint ("FAC") in the Superior Court of California. *See* FAC. In addition to the original claims against the Tort Defendants, the FAC added Gerber as a Defendant and asserted three state law causes of action against Gerber: breach of contract, bad faith claims handling, and unfair business practices. *Id.* In particular, Plaintiff alleged against Gerber that:

> 22. At the time of his passing and in consideration of the payment of premiums made by Plaintiff, Defendant [Gerber], by its duly authorized agents, executed policy number PAI-2034 and ADD-2036, (hereinafter collectively "Policy"), in which

---

[1] The state court record made available by the parties does not explain the gap between the filing of Plaintiff's original complaint on July 2, 2015 and the filing of Plaintiff's FAC on June 27, 2018.

2
Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

> Defendant [Gerber] insured Plaintiff against bodily injury arising out of Accidental Death and Loss of Use Benefit in an aggregate amount of two million dollars ($2,000,000.00). Plaintiff was the direct beneficiary of this insurance policy.
>
> 23. Plaintiff made a timely claim to Defendant [Gerber] under the Policy based on the fact that the Public Health Department of the County of Santa Clara found that the immediate cause of the death of Rajiv Narang was "freshwater drowning" as reflected on the Certificate of Death dated July 17, 2013.
>
> 24. Defendant [Gerber] denied the timely claim of Plaintiff and has refused to pay on the Policy claiming that the cause of [death of] Rajiv Narang was due to a "disease."

FAC ¶¶ 22–24.

On July 25, 2018, Gerber removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on the ground that Plaintiff's three causes of action against Gerber—breach of contract, bad faith claims handling, and unfair business practices—are predicated on the allegation that Gerber wrongfully denied Plaintiff's claim for insurance benefits, and that as a result, ERISA preempts these state law claims against Gerber. ECF No. 1 ¶¶ 8, 14 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).

On July 27, 2018, Gerber filed a motion to sever and remand all of the causes of action against the Tort Defendants to state court. ECF No. 2. After a series of extensions, Plaintiff filed her response on September 7, 2018. ECF No. 17. In her response, Plaintiff explained that she concurred that her claims against Defendant Gerber were properly removed to federal court, and that the claims against the Tort Defendants should be remanded to state court. *Id.* On September 14, 2018, Gerber filed its reply. ECF No. 20. On October 12, 2018, the Court granted Gerber's motion to sever and remand the claims against the Tort Defendants to the Superior Court of California. ECF No. 29. Accordingly, the only remaining claims and Defendant in this federal action are Plaintiff's claims against Gerber for breach of contract, bad faith claims handling, and unfair business practices. *See id.* Gerber contends that these claims are preempted by ERISA. ECF No. 1.

On September 14, 2018, Gerber filed its instant motion to dismiss the FAC, or in the alternative, motion for summary judgment. *See* Mot. On October 14, 2018, Plaintiff untimely filed

3

Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

her instant opposition to Gerber's motion to dismiss the FAC, or in the alternative, motion for summary judgment. ECF No. 32 ("Opp'n"). Gerber filed a proposed order on October 15, 2018, ECF No. 34, and replied on October 19, 2018, ECF No. 35 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

4

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Gerber argues that Plaintiff's breach of contract, bad faith claims handling, and unfair business practices claims against Gerber should be dismissed[2] because these state law claims are preempted by ERISA and therefore Plaintiff's exclusive remedy is a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Mot. at 1, 8–10, 15–16. Gerber also argues that Plaintiff's claims should be dismissed because: Plaintiff's lawsuit is (1) barred by the ERISA Policies' 3-year contractual limitation of actions provision; (2) barred by the 4-year statute of limitations on contract actions in California; and (3) barred because Plaintiff failed to exhaust administrative remedies by requesting an appeal as required by ERISA before initiating suit. *Id.* at 1–2, 10–15.

In her responsive brief, Plaintiff does not oppose Defendant's argument that Plaintiff's state law claims against Gerber are preempted by ERISA and that Plaintiff's exclusive remedy is a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). *See* Opp'n. As for Gerber's other three

---

[2] Gerber also requests that the Court grant summary judgment in the alternative. *See* Mot. Because the Court dismisses Plaintiff's suit against Gerber, Gerber's motion for summary judgment in the alternative is DENIED as moot.

5

Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

arguments, Plaintiff does not dispute the applicable statute of limitations or the exhaustion requirement. *See id.* Instead, Plaintiff argues that the statute of limitations is tolled because of the discovery rule. *Id.* at 2–3. Plaintiff argues second that the relation back doctrine applies to save her claims from the statute of limitations. *Id.* at 3–6.

The Court GRANTS Gerber's motion to dismiss on the grounds that Plaintiff has failed to oppose Gerber's contention that Plaintiff's state law claims against Gerber are preempted by ERISA. Therefore, the Court need not address Gerber's arguments regarding the statute of limitations or exhaustion.

Courts have previously held that a plaintiff's failure to oppose a defendant's argument was a concession that such claims should be dismissed. *See, e.g.*, *Marziano v. County of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010) (construing plaintiff's failure to oppose defendants' arguments as a concession that the claim should be dismissed); *Wooten v. Countrywide Home Loans Inc.*, No. CIV S-11-1791 MCE DAD PS, 2012 WL 3463460, at *5 (E.D. Cal. Feb. 1, 2012) ("[P]laintiff's original complaint contains claims which plaintiff did not address in responding to defendants' motions. . . . A failure to oppose a dispositive motion may be construed as abandoning the subject claims."); *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's argument as a concession of said argument). The Court deems Plaintiff's failure to oppose Defendant's contention that ERISA preemption applies a concession that Plaintiff's state law claims should be dismissed for ERISA preemption. Indeed, in her response to Gerber's motion to sever and remand the claims against the Tort Defendants, Plaintiff conceded that Plaintiff's claims against Gerber were preempted by ERISA. *See* ECF No. 17. Yet Plaintiff has failed to amend her complaint to reflect these concessions.

Moreover, without ruling on the merits of Gerber's contention, the Court notes that statutes and case law support Gerber's contention. As the Ninth Circuit has explained, "[t]here are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth

6
Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

in [ERISA § 502(a),] 29 U.S.C. § 1132(a)." *Fossen v. Blue Cross and Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011). "All of these preemption provisions defeat state-law causes of action on the merits." *Id.* At issue here, according to Defendant's motion to dismiss, is the second strand (ERISA § 502(a)). Under ERISA § 502(a), a civil enforcement action may be brought:

> (1) by a participant or beneficiary—
> . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B). Pursuant to this provision, a "state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted because it "conflicts with the clear congressional intent to make the ERISA remedy exclusive." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Furthermore, several courts have dismissed a complaint after finding that the plaintiff's state law causes of action were preempted by ERISA. *See, e.g.*, *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1227 (9th Cir. 2005) ("Cleghorn's state-law causes of action against Blue Shield, arising from Blue Shield's denial of benefits under an ERISA plan, conflict with the exclusive civil enforcement scheme established by Congress in section 502(a) of ERISA. The state law claims are preempted for that reason. We accordingly affirm the judgment of the district court dismissing Cleghorn's complaint."); *Futterman v. Kaiser Foundation Health Plan, Inc.*, No. 13-CV-5416-TEH, 2014 WL 825165, at *2 (N.D. Cal. Feb. 28, 2014) ("Here, Plaintiffs concede that Mortenson's breach of contract and breach of good faith and fair dealing claims are completely preempted by ERISA and should be dismissed"); *Leonard v. Metlife Insurance Co.*, No. 2:12-CV-10003-SVW-SS, 2013 WL 12210177 (C.D. Cal. Feb. 25, 2013) (finding plaintiff's bad faith and UCL claims preempted by ERISA and granting defendant's motion to dismiss without prejudice); *Saylor v. UNUM Life Ins. Co. of Am.*, No. SACV 11-0175 DOC (RZx), 2011 WL 2883320, at *3–4 (C.D. Cal. July 15, 2011) (finding plaintiff's state law negligent misrepresentation claim

7
Case No. 18-CV-04500-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

1 preempted by ERISA and granting motion to dismiss that claim).

2 Accordingly, the Court GRANTS Defendant's motion to dismiss. Defendant does not oppose giving Plaintiff leave to amend. *See* Mot. at 16 ("Based on the above law, in the event that this Court does not dismiss Plaintiff's claims based on the applicable contractual limitation of actions, statutory limitations of actions, or failure to exhaust administrative remedies, then this Court should dismiss Plaintiff's First Amended Complaint with leave to amend her Complaint to allege claims for relief and remedies consistent with ERISA."). Moreover, given Plaintiff's concession that her state law claims against Gerber are preempted by ERISA, the Court finds that Plaintiff should be given an opportunity to amend her complaint to assert claims under ERISA. *See, e.g.*, *Futterman*, 2014 WL 825165, at *3 ("As all of Mortenson's state law claims are preempted and dismissed, Plaintiffs must now be given an opportunity to amend the complaint to assert claims under ERISA."). Accordingly, the Court dismisses Plaintiff's complaint with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED without prejudice. If Plaintiff elects to file a third amended complaint, Plaintiff must do so within 30 days of this order. If Plaintiff fails to file an amended complaint within 30 days, Plaintiff's case will be dismissed with prejudice. Plaintiff may amend her complaint to assert ERISA claims without further leave of the Court; otherwise, Plaintiff may not add new causes of action or new parties without stipulation or leave of the Court. Additionally, Plaintiff's putative third amended complaint should address the other deficiencies identified in Gerber's motion to dismiss or possibly face dismissal with prejudice. Plaintiff's putative third amended complaint should also remove the Tort Defendants and the claims asserted against the Tort Defendants as per this Court's previous order granting the motion to sever and remand those Defendants and claims. ECF No. 29.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge